ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SANDY ASAD, individually, and on behalf of all other similarly situated consumers,

Plaintiff,

vs.

DICK'S SPORTING GOODS, INC.,

Defendant.

Case No.: 22-9366

**CLASS ACTION COMPLAINT**

1. **VIOLATION OF FEDERAL WIRETAP ACT, 18 U.S.C. §2510** *et seq.*
2. **VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA"), Cal. Pen. Code § 631.**

Plaintiff, Sandy Asad ("Plaintiff"), hereby alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's unlawful wiretapping of Plaintiff's communications without consent or notice, in violation of the Federal Wiretap Act, 18 U.S.C. §2510 *et seq.* (the "Wiretap Act") and the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 631.

**JURISDICTION AND VENUE**

2. Plaintiff brings this action under the Fair Credit Reporting Act, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §§1331. Plaintiff also asserts supplemental jurisdiction under 28 U.S.C. §§1367.

3. Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Claremont, California.

5. Defendant Dick's Sporting Goods, Inc. ("Dick's") has as its principal place of business 345 Court St., Coraopolis, Pennsylvania 15108.

## BACKGROUND

6. The Federal Legislature passed the Federal Wiretap Act, 18 U.S.C. §2510 *et seq.* (the "Wiretap Act") to protect the privacy of the people of the United States. The Wiretap Act is very clear in its prohibition against intentional unauthorized taping or interception of any wire, oral, or electronic communication.

7. The State of California has passed its own act to prohibit wiretapping known as the California Invasion of Privacy Act, Cal. Pen. Code § 631, to protect the privacy rights of its citizens.

8. Nonetheless, it has become common practice for retail websites to wiretap the communications of its customers while browsing their websites.

9. The purpose of the wiretap is to track consumer data to increase profitability.

10. Defendant has been intercepting, capturing, and observing its customers' individual online activities. This allows Defendant to record and playback consumer's individual browsing

sessions. The product utilized goes so far as to allow Defendant to view the interactions of consumers in real time. This type of technology has come to be known as "session replay software."

11. Through this wiretapping technology, Defendant has stored data as minute as mouse movements around the screen, the length of time spent hovering, the key words searched, and separate products or services that were of interest to its customers.

12. There have been numerous articles addressing the unknown reality of these types of technologies:

   a. The Dark Side of 'Replay Sessions' That Record Your Every Move Online, located at https://www.wired.com/story/the-dark-side-of-replay-sessions-that-record-your-every-move-online/ (last visited Mar. 16, 2021);

   b. Session-Replay Scripts Disrupt Online Privacy in a Big Way, located at https://www.techrepublic.com/article/session-replay-scripts-are-disrupting-online-privacy-in-a-big-way/ (last visited Mar. 16, 2021); and

   c. Are Session Recording Tools a Risk to Internet Privacy?, located at https://mopinion.com/are-session-recording-tools-a-risk-to-internet-privacy/ (last visited Mar. 16, 2021).

**FACTUAL STATEMENT**

13. Defendant owns the website Dicksportinggoods.com.

14. Over the past year, Plaintiff has made a number of visits and purchases on Defendant's website.

15. While utilizing the website, Plaintiff made specific searches of products Plaintiff desired to purchase and learn more about.

16. Plaintiff also viewed other products that she found of interest while shopping on the site.

17. Throughout these website sessions, Defendant has been wiretapping Plaintiff's activities on its site.

18. Defendant has been monitoring Plaintiff's mouse movements, key strokes, and searches.

19. Defendant has also been monitoring what Plaintiff has been viewing and forwarding this information to third parties, through programming code such as the Facebook Pixel.

20. Throughout Plaintiff's activities on the site, Defendant was communicating with her concerning the items requesting to be viewed.

21. Plaintiff reasonably believed that she was interacting privately with Defendant's website, and not that she was being recorded and that those recordings could later be watched by Defendant's employees, or worse yet, live while Plaintiff was on the website.

22. Throughout this time, Defendant has itself, or through third parties been conducting these wiretaps.

23. Defendant did not provide any notice to Plaintiff that it was wiretapping Plaintiff.

24. The wiretap's only purpose was to learn from Plaintiff's customer information to increase profitability. It was not necessary for the products offered by Defendant.

25. The information wiretapped revealed personal and sensitive information concerning Plaintiff's purchasing preferences and internet activity.

## CLASS ACTION ALLEGATIONS
### The Class

26. Plaintiff brings this as a class action on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of state and federal wiretapping laws.

27. With respect to the Plaintiff's Class, this claim is brought on behalf of the following classes:

National Class: (a) all consumers within the United States; (b) for whom Defendant acquired electronic communication through the use of electronic means; (c) during a period beginning two years prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

California Class: (a) all consumers with a California address; (b) for whom Defendant acquired electronic communication through the use of electronic means; (c) during a period beginning two years prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

28. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### **Numerosity**

29. Upon information and belief, Defendant has wiretapped hundreds of consumers throughout the United States. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### **Common Questions of Law and Fact**

31. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the Wiretap Act

or CIPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

32. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

33. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

34. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

35. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

36. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

- 6 -

37. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

38. Certification of a class is also appropriate in that a determination that the said wiretaps violate wiretapping laws is tantamount to declaratory relief and any monetary relief would be merely incidental to that determination.

39. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

40. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues.

41. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

42. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of their ill-gotten gains.

43. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## Violation of the Wiretap Act
## 18 U.S.C. § 2511, *et seq*.

44. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

45. Defendant has intentionally acquired the contents of Plaintiff's electronic communications using an electronic software such as session replay technology.

46. Plaintiff never consented to be wiretapped by Defendant and never knew that Defendant was wiretapping her activities and communications.

## COUNT II
## Violation of CIPA
## CALIFORNIA PENAL CODE § 631

47. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

48. Defendant has intentionally acquired the contents of Plaintiff's electronic communications using an electronic software such as session replay technology.

49. The communications were made by passing through a wire, line, or cable sent from or received from a location in California.

50. Plaintiff never consented to be wiretapped by Defendant and never knew that Defendant was wiretapping her activities and communications.

WHEREFORE, Plaintiff, Sandy Asad, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendant's actions, as described above, in violation of the Wiretap Act and CIPA;

    b. Enter an Order for injunctive relief prohibiting such conduct in the future;

    c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    d. Enter a judgment against Defendant for statutory damages;

    e. Award costs and reasonable attorneys' fees; and

    f. Grant such other and further relief as may be just and proper.

Dated this 26th day of December 2022

Respectfully Submitted,

/s/ Robert Sibilia_____
ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff, Sandy Asad