UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09366-WLH-MAA | Date | February 19, 2026 |
| Title | ***Sandy Asad v. Dicks Sporting Goods, Inc.*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Lesbith Castillo | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO CONFIRM FINAL ARBITRATION AWARD [41]**

The Court is in receipt of Defendant's Motion to Confirm Final Arbitration Award. ("Motion to Confirm Final Arbitration Award," Dkt. No. 41) ("Mot.). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 23 at 15). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for February 27, 2026, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff Sandy Asad ("Plaintiff") brought suit against Defendant Dicks Sporting Goods, Inc. ("Defendant") alleging the following causes of action: (i) Violation of Federal Wiretap Act, 18 U.S.C. § 2510 et seq. and (ii) Violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 631. ("Complaint," Dkt. No. 1) ("Compl."). Plaintiff alleged violations based on her visits to Defendant's website. (Compl. ¶¶ 45, 46, 48-50). Plaintiff alleged that Defendant violated both statutes by

"intentionally acquir[ing] the contents of [her] electronic communications" using electronic software without her consent. (*Id.*). Based on the existence of a binding arbitration agreement within Defendant's Terms of Use ("Terms of Use," Dkt. No. 41-1, Ex. 3) at the time Plaintiff visited the website and purchased products, Defendant moved to compel arbitration on March 10, 2023. (*Id.*).

The relevant arbitration was administered pursuant to JAMS Streamlined Rules and the JAMS Minimum Standards of Procedural Fairness in Consumer Arbitrations. (Mot. at 6). The arbitrator, Hon. Gail A. Andler, conducted the merits hearing on April 28 and 29 of 2025 and May 20, 2025. (*Id.*). On December 8, 2025, the arbitrator issued the final award determining that Defendant was the prevailing party. (*Id.*). The Arbitrator found that Plaintiff failed to meet her burden to establish a violation of either the Wiretap Act or CIPA, concluding that the communications at issue were not intercepted "in transit" within the meaning of both statutes, Plaintiff did not put forth evidence sufficient to show transmission of her personal identifiable information to relevant third parties, Plaintiff gave constructive consent based on her use of the website and notice of privacy practices and the testimony and analysis of Defendant's expert witness was more credible and persuasive than that of Plaintiff's expert. (*Id.*). Additionally, the award denied any other claims or requests for relief, stated that each party shall bear its own attorneys' fees and costs and determined that the award was a final, non-appealable award subject to confirmation by a court of competent jurisdiction. (*Id.*). The Agreement provided in relevant part that "[j]udgment on the Award may be entered in any court having jurisdiction." (Terms of Use, Ex. 3 at 9).

Defendant brings forth the instant Motion seeking to confirm the final award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 et seq. and the terms of the Agreement. (*See generally* Mot.). On February 5, 2026, Plaintiff opposed this Motion

(Opp'n., Dkt. No. 42), to which Defendant replied (Reply, Dkt. No. 43) on February 13, 2026.

## II. DISCUSSION

### A. Legal Standard

The FAA states, in relevant part, when an application is made to confirm an arbitration award, the court must confirm it "unless the award is vacated, modified, or corrected," pursuant to Sections 10 or 11 of the FAA. 9 U.S.C. § 9. Indeed, courts have a very limited judicial review of arbitration awards. *See A.G. Edwards v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992) (holding courts should not reverse an arbitration award "even in the face of erroneous interpretations of the law."); *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.' There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."). Thus, a district court will set aside an arbitrator's decision "only in very unusual circumstances." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).

### B. Analysis

Defendant moves to confirm the final arbitration award issued on December 8, 2025 by the arbitrator. (Mot. at 4). Section 9 of the FAA provides that "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," upon request from either of the parties a court must grant an order confirming an arbitration award, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Essentially, if a party seeks a judicial order confirming an arbitration award, under the above

circumstance, "the court must grant such an order unless the award is vacated, modified, or corrected *as prescribed* in sections 10 and 11 of this title." *Id.* (emphasis added). Under the statute, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir.1986) (internal quotation marks omitted). Rather, § 10 permits a federal court to vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a)(1)-(4).

The party seeking to vacate the arbitration award bears the burden of establishing grounds to do so. *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). The scope of the Court's review is extremely narrow and deferential, and the Court may not conduct a merits review of the arbitrator's award. *See Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (holding that parties may not contractually expand the scope of review of arbitration awards beyond that provided in the FAA). If vacatur is not warranted, section 11 allows a court to modify or correct an award:

> (1) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;]
>
> (2) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted [;or]
>
> (3) [w]here the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11.

"In sum, the Federal Arbitration Act allows a federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp,* 341 F.3d at 997-98. Accordingly, "[t]hese grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Id.*

Here, the arbitration agreement provided in relevant part that "[j]udgment on the Award may be entered in any court having jurisdiction." (Terms of Use, Ex. 3 at 9). In Plaintiff's opposition, Plaintiff does not set forth any of the grounds from Section 10 or 11 that would permit this Court to vacate, modify or correct the final arbitration award. Plaintiff does not assert that the award is based on fraud, partiality on behalf of the arbitrator, that the award contains technical error, is based on an issue not at all subject to arbitration or any of the other limited grounds set forth in the FAA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Instead, Plaintiff asserts that Defendant does not have standing because "there is no live controversy for this Court to decide." (Opp'n. at 4). This is not a legally recognized basis that will permit the Court to vacate, modify or correct the award and both parties agreed that once the arbitrator issued a decision (the award), either party could take that decision to a court that has proper authority and request the court to officially enter it as a judgment (Terms of Use, Ex. 3 at 9). Defendant has done as such, and Plaintiff has not provided the relevant grounds for this Court to vacate, modify or correct the final award. As previously stated, the scope of the Court's review is extremely narrow and deferential. *Kyocera Corp,* 341 F.3d at 997. For these reasons, Defendant's Motion is **GRANTED**.

## III. CONCLUSION

For the foregoing reasons, the Court **CONFIRMS** the final arbitration award.

**IT IS SO ORDERED.**